IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| PAMELA M. HUSE-ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-5008-SSA-CV-SW-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Pamela M. Huse-Ellis seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on January 18, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Here, the administrative law judge (ALJ) found that plaintiff had not engaged in substantial gainful activity from her alleged onset date of disability, November 7, 2006, through her date last insured under the Social Security Act, which was June 30, 2010. Through her date last insured, the ALJ found that plaintiff suffered from the following severe impairments: cervical spine degenerative disc disease and/or osteoarthritis; degenerative joint disease and/or osteoarthritis of the knee; diverticulosis; fibromyalgia; anxiety; attention deficit disorder and depression. These impairments were determined not to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d) and 404.1526). After consideration of the entire record, the ALJ determined that through the date last insured, the plaintiff had a residual functional capacity (RFC) to perform light work with specific limitations to account for her severe impairments. Based on this RFC and the testimony of a vocational expert at the hearing, the ALJ determined that plaintiff could do the requirements of representative light exertional, unskilled occupations which exist in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff was not at any time from November 7, 2006, through June 30, 2010, under a disability as defined in the Social Security Act.

Plaintiff argues that the ALJ erred in failing to give proper weight to the opinion of her treating physician, Dr. Michael Payne, and gave improper weight to the opinion of one-time examining physician, Dr. Mauldin, and nonexamining physician, Dr. Burstin.

Upon review, this Court finds there is substantial evidence in the record to support the decision of the ALJ.[2]

The ALJ did not err in the weight given to plaintiff's treating physician.

> '[A] treating physician's opinion is given 'controlling weight' if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence.' Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005) (quotations and citations omitted). 'A treating physician's opinion does not automatically control, since the record must be evaluated as a whole.' Bentley v. Shalala, 52 F.3d 784, 786 (8th Cir. 1995). An ALJ may 'discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.' Prosch v. Apfel, 201 F.3d 1010, 1013 (8th Cir. 2000).

Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005).

Here, the ALJ properly discussed why he rejected plaintiff's treating physician, Dr. Payne's, very severe limitations. The ALJ specifically noted that Dr. Payne's treatment notes failed to support the dramatic limitations described on his medical source statement forms, and noted the objective medical evidence in the record did not support Dr. Payne's opinions.

The ALJ did not err in the weight given to the opinions of examining physician, Dr. Mauldin, and nonexamining physician, Dr. Burstin. "It is well settled that an ALJ may consider the opinion of an independent medical advisor as one factor in determining the nature and severity of a claimant's impairment." Harris v. Barnhart, 356 F.3d 926, 931 (8th Cir.2004). The regulations specifically provide that the opinions of nontreating physicians may be considered. 20 C.F.R. § 404.1527(f). Having determined that Dr. Payne's opinion was inconsistent with substantial evidence in the record, the ALJ was clearly authorized to consider the opinions of other physicians. Hacker v. Barnhart, 459 F.3d 934, 939 (8th Cir. 2006). See also Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007). Here, the ALJ reviewed the evidence in the record, determined

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.

3

that the opinions of the consulting physicians were consistent with the totality of the evidence in the record, and therefore, afforded these opinions substantial weight. The Court finds no basis for concluding that the ALJ committed reversible error by giving undue weight to the opinions of the consulting physicians.

It is, therefore,

ORDERED that the decision of the Commissioner is affirmed.

Dated this 6th day of February, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge